**MING ZHING JIANG, aka Khoan Quoc Giang**

v.

**HOLDER, A077 994 474.**

**Jin Qiu Jiang**

v.

**Holder, A095 648 663.**

**Xia Dong, Min Jiang**

v.

**Holder, A096 266 560, A073 176 882.**

**Shun Zhou Chen, aka Ming Tung Lee**

v.

**Holder, A078 066 264.**

Nos. 10–625, 11–2261, 11–2980(L), 11–3043(Con), 11–3695.

United States Court of Appeals, Second Circuit.

July 25, 2013.

Rishi Pratap Oza, Robert Brown LLC, Cleveland, OH, for Ming Zhing Jiang.

Theodore N. Cox, Esq., Law Office of Theodore N. Cox, New York, NY, for Jin Qiu Jiang.

Gary J. Yerman, Esq., Yerman & Associates, LLC, New York, NY, for Xia Dong, Min Jiang, Shun Zhou Chen.

Jennifer A. Singer, OIL OIL, United States Department of Justice, Washington, DC, for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Each of these petitions challenges a decision of the BIA either affirming a decision of an Immigration Judge ("IJ") denying a motion to reopen or denying a motion to reopen in the first instance. The applicable standards of review are well-established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008); *see also Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90–91 (2d Cir.2001).

Petitioners, all natives and citizens of China, filed motions to reopen based on claims that they fear persecution because they have had one or more children in violation of China's population control program. For largely the same reasons as this Court set forth in *Jian Hui Shao*, 546 F.3d 138, we find no error in the agency's decisions. *See id.* at 158–72.

Furthermore, in *Ming Zhing Jiang v. Holder*, No. 10–625(1), we lack jurisdiction to review the agency's discretionary decision declining to reopen proceedings *sua sponte*. *See Mahmood v. Holder*, 570 F.3d 466, 469–70 (2d Cir.2009). In *Xia Dong, Min Jiang v. Holder*, 11–2980 (L), 11–3043(Con) (3), the BIA reasonably concluded that Petitioners failed to demonstrate their *prima facie* eligibility for relief on account of their religion. *See Jian Hui Shao*, 546 F.3d at 169–72. In *Shun Zhou Chen v. Holder*, 11–3695 (4), we find no error in the BIA's conclusion that the Petitioner failed to demonstrate materially changed country conditions regarding the treatment of Catholics in China that would excuse the untimely filing of his motion. *See* 8 U.S.C. § 1229a(c)(7)(C); *see also Jian Hui Shao*, 546 F.3d at 169–72.

For the foregoing reasons, these petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).